UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21781-cv-GOLD/WHITE

YVES VALMOND,

    Petitioner,

v.

WALTER McNEIL,

    Respondent.
_____/

**ORDER ADOPTING AND AFFIRMING REPORT
AND RECOMMENDATION; CLOSING CASE**

THIS CAUSE comes before the Court upon U.S. Magistrate Judge Patrick A. White's Report and Recommendation ("the Report") on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 4]. In the Report, Magistrate Judge White recommends that the case be dismissed because the Petition for Writ of Habeas is successive and therefore improper under 28 U.S.C. § 2244. Petitioner filed objections to the Report. [ECF No. 5]. Having reviewed the Report, the Objections, the Response, and relevant parts of the record and applicable law, I affirm and adopt the Magistrate Judge's Report.

**I.    BACKGROUND**

The Petitioner was convicted by a jury in Florida state court of five counts of sexual battery of a child under twelve years old and one count of lewd assault for engaging in sexual activity with two of his daughters. [ECF No. 1; ECF No. 25 in Case No. 00-00346]. He was sentenced to five consecutive terms of life

1

imprisonment with five consecutive mandatory minimum terms of twenty-five years each. [ECF No. 1; ECF No. 25 in Case No. 00-00346].

On January 24, 2000, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this district before the Honorable Joan A. Lenard. [ECF No. 1 in Case No. 00-00346]. Judge Lenard referred the Petition in that matter to U.S. Magistrate Judge Sorrentino who considered the merits of the Petition and issued a Report recommending dismissal of the case. [ECF No. 21 in Case No. 00-00346]. Judge Lenard adopted the Report, dismissed the Petition, and closed the case. [ECF No. 25 in Case No. 00-00346]. Petitioner subsequently appealed Judge Lenard's order to the U.S. Court of Appeals for the Eleventh Circuit, but the court dismissed the appeal for lack of jurisdiction on August 8, 2002 (Case No. 02-12789-BB).

On June 1, 2010, the Petitioner filed a new Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking the same conviction. Judge White's Report recommends that I dismiss the Petition because it is a "successive habeas application" under 28 U.S.C. § 2244. [ECF No. 4].[1]

## II.   STANDARD OF REVIEW

I must conduct a review of the portions of the Magistrate Judge's Report to which the Parties have objected. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150–51 (1985). The standard of my review is *de novo*, but I am not required to reassess every single finding and determination in the Report because "the statute permits the district court to give the magistrate's proposed

---

[1] Although he did not recommend dismissing the case these grounds, Judge White also noted in his Report that the Petition appeared to be barred by the one year statute of limitations provided for in 28 U.S.C. § 2244. [ECF No. 4, p. 4].

2

findings of fact and recommendations such weight as [their] merit commands and the sound discretion of the judge warrants without violating a party's due process rights, so long as the ultimate decision is made by the district court." *Jean-Baptiste v. Gutierrez*, 680 F. Supp. 2d 1318, 1320–21 (S.D. Fla. 2010), *rev'd on other grounds*, Case No. 10-11129 (11th Cir. Dec. 6, 2010) (internal quotation marks omitted)).

### III. DISCUSSION

The text of 28 U.S.C. § 2244 provides the following:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
> (b)
>> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (B)
>>>> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>> (3)
>>> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> **(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> **(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> **(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> **(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> **(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
> **(c)** In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the applicant for the writ of habeas corpus could not have caused such fact to appear in such record by the exercise of reasonable diligence.

As Judge White correctly points out, § 2244(b)(3)(A) requires an applicant who wishes to file a successive habeas corpus petition to move in the appropriate U.S. Court of Appeals for an order authorizing the District Court to consider the application. Because Petitioner did not file any such motion with the Eleventh Circuit, Judge White dismissed his case.

Petitioner argues that he "secured the right to a second habeas corpus appeal from the 11th Circuit Court of Appeals in the U.S.D.C.A., Atlanta, GA., in case no. 02-12789-BB." [ECF No. 5, p. 1]. Specifically, he alleges that the

Eleventh Circuit granted him an extension of time regarding his habeas petition on January 25, 2001. [*Id.* at 3]. This assertion is incorrect. Petitioner refers to an Order from <u>the district court</u> granting him an enlargement of time to file objections to the Report and Recommendation in the earlier proceeding before Judge Lenard. [ECF No. 5 in Case No. 10-21781]. Petitioner has not provided any evidence that <u>the Eleventh Circuit</u> ever granted him any extensions of time or permission to file additional habeas petitions. To the contrary, the Eleventh Circuit dismissed his appeal on August 8, 2002, and Petitioner has not filed any subsequent motions with that court for an order authorizing him to file a new habeas petition in district court.

Petitioner also argues that the constitutionality of a statute is cognizable at any stage and cannot be "subject to bar or denial of review by the federal court when the Supreme Court of the state REFUSES to accept jurisdiction." [ECF No. 5, p. 2 (emphasis in original)]. But as set forth in the plain language of 28 U.S.C. § 2244 quoted above, this is simply not true in the case of habeas petitions.

Petitioner raises additional arguments going to the substance of his petition, but these arguments have no bearing on the issue before me of whether or not to adopt and affirm Judge White's Report.[2] For all of these reasons, I reject Petitioner's objections to the Report.

---

[2] For example, Petitioner asserts that the issue before this Court is whether "UNDER FLORIDA LAW, IF SOMEONE ACCUSES THE PRESIDENT OF CHILD MOLESTATION, THE PRESIDENT MUST BE ARRESTED." [ECF No. 5, p. 3]. As stated above, this question has no bearing on whether or not the instant petition for habeas corpus relief is properly before this Court.

5

Accordingly, it is hereby ORDERED AND ADJUDGED that

1. The Magistrate's Report [ECF No. 4] is **AFFIRMED AND ADOPTED**.

2. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED**.

3. All pending motions are **DENIED AS MOOT**.

4. All hearings are **CANCELLED**.

5. This case is **CLOSED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 1 day of Feb, 2011.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
All counsel of record
U.S. Magistrate Judge Patrick A. White

Yves Valmond
m 04553
Okaloosa Correctional Institute
3189 Little Silver Road
Crestview, FL 32539